IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:18-CR-131- |
| | § | SDJ-KPJ |
| OLIVER MAVERICK ARRINGTON (23) | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Oliver Maverick Arrington's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on October 26, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Jay Combs.

Defendant was sentenced on July 17, 2020, before The Honorable Sean D. Jordan of the Eastern District of Texas after pleading guilty to the offense of Conspiracy To Interfere With Interstate Commerce By Robbery, Aiding and Abetting, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of I, was 46 to 57 months. Defendant was subsequently sentenced to 36 months imprisonment to be followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, credit restrictions, alcohol restrictions, substance abuse testing and treatment, mental health treatment, and no contact, in any form, with codefendants in the instant offense. On June 1, 2022, Defendant completed his period of imprisonment and began service of the supervision term in the Southern District of Texas.

On October 25, 2022, the United States Probation Officer executed a Second Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 1143, Sealed]. The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; and (2) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer [Dkt. 1143 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On or about August 12, 2022, in Arlington, TX, Defendant did then and there commit the second-degree felony of Robbery, in violation of Texas Penal Code § 29.02(a). According to the offense report, officers were dispatched to a robbery that occurred while an ATM technician was doing maintenance on the machine. The victim informed officers he had been conducting maintenance on the machine when two males pushed him out of the way and stole the four cassettes that contained the money. The two males then fled around the corner of the bank. The victim was able to follow them and witnessed them enter a vehicle that was parked. The victim was able to get a picture of the license plate with his phone and provided it to responding officers. The license plate revealed the vehicle was registered to Defendant's wife. A BOLO (be on the lookout) was issued to watch for the vehicle along the I-45 corridor as the registration had a Houston address. On or about August 12, 2022, in Walker County, TX, Defendant did then and there commit the felony offense of Evading Arrest with a Vehicle, in violation of Texas Penal Code § 38.04(a). The Walker County Sheriff's Office was notified by the FBI in Houston of a robbery that occurred in Arlington, TX earlier in the day. The vehicle involved was registered to a Houston address therefore the Sheriff's Office was asked to watch for the vehicle in the event the suspects attempted to return to Houston along the I-45 corridor. While on patrol, a deputy observed the vehicle and executed a traffic stop. The

vehicle pulled to the side of the highway, however when the deputy exited his patrol car, the suspects drove away at a high speed. The vehicle then entered a rest stop parking lot. The occupants abandoned the vehicle and ran into the surrounding wooded area. Defendant, identified as the driver, was apprehended. Additionally, the stolen money was located in the wooded area. Defendant was arrested for the offense of Evading Arrest with a Vehicle. Defendant was released on a $15,000 bond the following day and is awaiting a Court date. Defendant was later charged with offense of Robbery and a warrant was issued. On August 20, 2022, Harris County Constables arrested Defendant following a traffic stop. On August 21, 2022, the Arlington Police Department transported Defendant back to Tarrant County. Defendant was released on August 22, 2022, on a $20,000 bond and is awaiting a Court date; and (2) On or about August 12, 2022, Defendant traveled without permission of the U.S. Probation Office outside the federal judicial district where he was authorized to reside [Dkt. 1143 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 2, of the Petition. The Government dismissed allegation 1. Having considered the Petition and the plea of true to allegation 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 1150; 1151].

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of twelve (12) months and one (1) day, with eighteen (18) months of supervised release to follow.

The Court further recommends reimposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring fine/restitution payments and employment; (2) You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; (3) You must not possess or consume any alcoholic beverages; (4) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (5) You must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (6) You must have no contact, in any form, with any codefendant in this case during your term of supervised release.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in the Houston, Texas area, if appropriate.

**SIGNED this 15th day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE